NO. 07-03-0457-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 24, 2004

_____

CLAYTON EDWARD DAVIS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 89638; HONORABLE LAYNE WALKER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ON ABATEMENT AND REMAND**

Appellant Clayton Edward Davis, Jr., is appealing his judgment of conviction for murder and sentence of life imprisonment and a fine. The trial court clerk's record was filed on November 24, 2003. The court reporter's record originally was due to be filed on January 12, 2004.

Following four requests for extensions of time to file the reporter's record, each giving the 3500-page length of the record and the press of the duties of court reporter as reasons for the extension, this Court on May 14, 2004, issued an order directing Jami Anderson, official court reporter for the 252nd District Court of Jefferson County, to transcribe and file a reporter's record for this appeal, trial court number 89638. We ordered Ms. Anderson to file the record so that it would be actually received by the Clerk of this Court on or before 5:00 p.m. on June 14, 2004, and stated that no further requests for extension of time would be considered. A copy of the order was sent to the Honorable Layne Walker, Judge of the 252nd District Court of Jefferson County.

In response to the Court's order, we have received, on June 17, 2004, nothing more than a further request for extension of time, filed by Ms. Anderson in the same form as her previous requests, citing as reasons "time spent in court and having to meet other deadlines on other records." The request states that "work has begun," but requests "a minimum of 60 days" to complete and file the record. The request gives the appearance that Ms. Anderson holds a contemptuous attitude toward this Court's orders, and provides no indication when, if ever, we can expect her to file the reporter's record in this appeal.

The trial court and appellate court are jointly responsible for ensuring that an appellate record is timely filed. Tex. R. App. P. 35.3(c). A trial court must help ensure the court reporter's work is timely accomplished by setting work priorities. When the official court reporter is unable to perform the reporter's duties because of the press of official work or other reasons, the trial court may designate a deputy reporter. Tex. R. App. P. 13.3, 13.5. An appellate court may enter any order necessary to ensure the timely filing

of the appellate record, and must enter appropriate orders to avoid undue delay in criminal appeals. *See* Tex. R. App. P. 35.3(c), 37.3(a)(2). Accordingly, we now deny Ms. Anderson's request for further extension, abate the appeal and remand the cause to the 252nd District Court of Jefferson County for further proceedings.

On remand, the trial court shall immediately cause notice of a hearing to be given to appellant and the State, and thereafter conduct a hearing to determine the following:

1. The causes of Jami Anderson's disregard of this Court's May 14, 2004 order directing her to complete and file the reporter's record by June 14, 2004;

2. Whether it will be necessary for the trial court to appoint a deputy reporter for the reporter's record in this appeal to be completed and filed within 30 days of the date of the hearing.

The trial court shall cause the hearing to be transcribed. The trial court also shall enter any and all orders necessary to assure the timely completion of the reporter's record in this appeal. So too shall it prepare and file its findings and orders and cause them to be included in a supplemental clerk's record. In addition, the trial court shall cause the transcription of the hearing to be included in a supplemental reporter's record. Both the supplemental clerk's record and supplemental reporter's record shall be submitted to the Clerk of this Court by July 23, 2004.

It is so ordered.

Per Curiam

Do not publish.